**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | | |
|---|---|---|
| **DANIEL MONOHON,** | ) | **Case No. 4:14-cv-00305** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **DEFENDANT'S REQUESTED** |
| | ) | **JURY INSTRUCTIONS, VERDICT** |
| **BNSF RAILWAY COMPANY,** | ) | **INTERROGATORIES AND** |
| | ) | **VERDICT FORM** |
| **Defendant.** | ) | |

Defendant BNSF Railway Company ("BNSF"), pursuant to the Order Regarding Final Pretrial Conference Requirements (Doc. 43) and LR 51, hereby submits the attached Requested Jury Instructions, Verdict Interrogatories and Verdict Form. BNSF reserves the right to submit additional instructions based on developments at trial.

## TABLE OF CONTENTS

1.    Conduct of the Jury
2.    General Instructions and Statement of the Case
3.    Evidence
4.    Note Taking
5.    Order of Trial
6.    Credibility of Witnesses
7.    Burden of Proof
8.    Federal Railroad Safety Act
9.    Liability under the FRSA
10.   Knowledge Element Defined
11.   Contributing Factor Element Defined
12.   Temporal Proximity Alone Insufficient to Establish Contributing Factor Element
13.   FRSA Affirmative Defense
14.   Corporate Defendant
15.   Business Judgment
16.   Reasonableness of BNSF's Actions
17.   Damages: Actual
18.   Reasonable Damages
19.   Damages: Punitive

DATED this 22nd day of April, 2016.

BNSF Railway Company,
Defendant

By:    */s/Katherine Q. Martz*
Nichole S. Bogen, *pro hac vice*
Andrew D. Weeks, *pro hac vice*
Katherine Q. Martz # AT0011388
SATTLER & BOGEN, LLP
701 P Street, Suite 301
The Creamery Building
Lincoln, NE 68508
Tel: (402) 475-9400
Fax: (402) 475-9411
nsb@sattlerbogen.com
adw@sattlerbogen.com
kqm@sattlerbogen.com

and

Michael W. Thrall, AT0007975
NYEMASTER GOOGE, PC
700 Walnut Street, Suite 1600
Des Moines, IA 50309
Tel: (515) 283-3189
Fax: (515) 283-8045
mwt@nyemaster.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 22, 2016, I electronically filed the foregoing ***Defendant's Requested Jury Instructions, Verdict Interrogatories and Verdict Form*** with the Clerk of Court using CM/EFC system which sent notification of such filing to the following:

Christopher H. Leach
HUBBELL LAW FIRM, LLC
cleach@hubbellfirm.com

Jeanette Stull
Corey L. Stull
PERRY, GUTHERY, HAASE
& GESSFORD, P.C., L.L.O.
jstull@perrylawfirm.com          */s/ Katherine Q. Martz*
cstull@perrylawfirm.com          Katherine Q. Martz

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1**

**CONDUCT OF THE JURY**

Jurors, to make sure this trial is fair to both parties, you must follow these rules:

*First,* do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to consider your verdict.

*Second,* do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third,* when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it. If someone tries to talk to you about the case during the trial, please report it to the bailiff.

*Fourth,* during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case—not even to pass the time of day. It is important not only that you do justice in this case, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is just about the weather—that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak with you in the halls, on the elevator or the like, you must understand that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth,* you may need to tell your family, close friends, and other people that you are a part of this trial. You can tell them when you have to be in court, and you can warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you. But, you must not have

communication with anyone or post information about the parties, witnesses, participants, claims, evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again.  During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case. For example, do not talk face-to-face or use any electronic device, such as a telephone, cell phone, smart phone, Blackberry, PDA, computer, or computer-like device. Likewise, do not use the Internet or any Internet service; do not text or send instant messages; do not go on an Internet chat room, blog, or other websites such as Facebook, MySpace, YouTube, or Twitter.  In other words, do not communicate with anyone about this case—except for the other jurors during deliberations—until I accept your verdict.

*Sixth*, do not do any research—on the Internet, in libraries, newspapers, or otherwise—and do not investigate this case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony. Also, do not look up any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or me.

*Seventh*, do not read any news stories or Internet articles or blogs that are about the case, or about anyone involved with it.  Do not listen to any radio or television reports about the case or about anyone involved with it. I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case. If you want, you can have someone clip out any stories and set them aside to give you after the trial is over.

The parties have a right to have you decide their case based only on evidence admitted here in court. If you research, investigate, or experiment on your own, or get information from other sources, your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here in court take an oath to tell the truth, and the accuracy of the testimony is tested through cross-examination. All of the parties are entitled to a fair trial and an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process. If you decide a case based on information not admitted in court, you will deny the parties a fair trial. You will deny them justice. Remember, you have taken an oath to follow the rules, and you must do so.

*Eighth,* do not make up your mind during trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence.

8TH CIR. CIVIL JURY INSTR. § 1.08 (2014).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2

## GENERAL INSTRUCTIONS AND STATEMENT OF THE CASE

This case is brought under the Federal Railroad Safety Act ("FRSA"). Plaintiff claims he reported a hazardous safety condition to defendant BNSF Railway Company ("BNSF") when he expressed his disagreement with BNSF's rule that required him to wear a seatbelt while hy-railing. Plaintiff claims BNSF wrongfully terminated him, in whole or in part, due to his report. BNSF denies plaintiff's claim that it wrongfully terminated him due to his report. BNSF alleges it terminated plaintiff according to its progressive discipline policy when it determined plaintiff did not wear his seat belt while hy-railing and was insubordinate in violation of BNSF's rules following a formal investigation hearing guaranteed by plaintiff's collective bargaining agreement.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law, which I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether

they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or I think your verdict should be.

8TH CIR. CIVIL JURY INSTR. § 1.3 (2014).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3**

**EVIDENCE**

When I use the word "evidence," I mean the testimony of witnesses; documents and other things I receive as exhibits; facts that I tell you the parties have agreed are true; and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1.  Lawyers' statements, arguments, questions, and comments are not evidence.

2.  Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

3.  Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections. If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4.  Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5.  Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it.

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for. You need to pay close attention when I give an instruction about evidence that you can consider for

only certain purposes, because you might not have that instruction in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

8TH CIR. CIVIL JURY INSTR. § 1.4 (2014).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4**

**NOTE TAKING**

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written copy of the testimony to refer to.  Because of this, you have to pay close attention to the testimony and other evidence as it is presented here in the courtroom.

If you wish, however, you may take notes to help you remember what witnesses say.  If you do take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence.  And do not let taking notes distract you from paying close attention to the evidence as it is presented.  The Clerk will provide each of you with a pad of paper and a pen or pencil.  At each recess, leave them_____.

When you leave at night, your notes will be locked up and will not be read by anyone.

8TH CIR. CIVIL JURY INSTR. § 1.6 (2014).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 5

## ORDER OF TRIAL

The trial will proceed in the following manner:

First, the plaintiff's lawyer may make an opening statement. Next, the defendant's lawyer may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the plaintiff will then present evidence. The defendant's lawyer will have a chance to cross-examine the plaintiff's witnesses. After the plaintiff has finished presenting their case, the defendant may present evidence, and the plaintiff's lawyer will have a chance to cross-examine its witnesses.

After you have seen and heard all of the evidence from both sides, the lawyers will make closing arguments that summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence. After the closing arguments, I will instruct you further on the law, and you will go to the jury room to deliberate and decide on your verdict.

8TH CIR. CIVIL JURY INSTR. § 1.09 (2014).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 6**

**CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

8TH CIR. CIVIL JURY INSTR. § 3.4 (2014).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 7**

**BURDEN OF PROOF**

You will have to decide whether certain facts have been proved by the greater weight of the evidence. Greater weight of the evidence means that the fact is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

8TH CIR. CIVIL JURY INSTR. § 3.4 (2014) (modified).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 8**

**FEDERAL RAILROAD SAFETY ACT**

Plaintiff Daniel Monohon brought this case against defendant BNSF under the

Federal Railroad Safety Act ("FRSA"). The FRSA provides in part that:

> A railroad carrier engaged in interstate… commerce… shall not
> discharge…an employee for… reporting, in good faith, a hazardous safety
> or security condition.

It is agreed that, at the time and place alleged by plaintiff, BNSF was a railroad

carrier engaged in interstate commerce.

Plaintiff has the burden of proving his claim by the greater weight of the

evidence. BNSF denies plaintiff's claim.

49 U.S.C. § 20109(b)(1)(A).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 9

## LIABILITY UNDER THE FRSA

Plaintiff must prove all of the following elements of his claim by the greater weight of the evidence:

*First,* plaintiff engaged in a protected activity;

*Second,* BNSF knew or suspected, actually or constructively, that plaintiff engaged in the protected activity;

*Third,* plaintiff suffered an adverse action;

*Fourth,* the claimed protected activity was a contributing factor in the adverse action; and;

*Fifth,* the adverse action resulted in some damage to plaintiff.

If you find that plaintiff has not proven any one of the above elements or if you find that BNSF is entitled to a verdict under Instruction No. 13, then you must enter a verdict for BNSF and you need not proceed any further in considering this claim.

*Kuduk v. BNSF Railway Company,* 768 F.3d 786 (8th Cir. 2014); 49 U.S.C. § 20109; and 29 CFR § 1982.104.

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 10**

**KNOWLEDGE ELEMENT DEFINED**

Plaintiff must prove the decision-maker of plaintiff's discipline, Timothy Knapp, knew or suspected that plaintiff engaged in a protected activity under the FRSA.


*Kuduk v. BNSF Railway Company,* 768 F.3d 786 (8th Cir. 2014); 49 U.S.C. § 20109(b)(1)(A).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 11**

**CONTRIBUTING FACTOR ELEMENT DEFINED**

To show plaintiff's claimed protected activity was a contributing factor to his alleged adverse action, plaintiff must prove that Timothy Knapp intentionally retaliated against plaintiff because of his claimed protected activity and this intentional retaliation, in whole or in part, caused the adverse action.

*Kuduk v. BNSF Railway Company,* 768 F.3d 786 (8th Cir. 2014); *Jones v. BNSF Railway Company,* Case No. 14-2616, 2016 WL 183514 (D. Kan. Jan. 14, 2016); *Heim v. BNSF Ry. Co.,* Case No. 13-cv-369, 2015 WL 5775599, at *3 (D. Neb. Sept. 30, 2015); *Gunderson v. BNSF Ry. Co.,* Case No. 14-cv-0223, 2015 WL 454390, at *8 (D. Minn. July 28, 2015).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 12**

**TEMPORAL PROXIMITY ALONE INSUFFICIENT TO ESTABLISH CONTRIBUTING FACTOR ELEMENT**

Mere closeness in time between the claimed protected activity and the adverse action does not make the claimed protected activity a contributing factor in the adverse action. Closeness in time, without more, is insufficient to establish plaintiff's FRSA claim.

*Kuduk v. BNSF Railway Company,* 768 F.3d 786 (8th Cir. 2014).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 13**

**FRSA AFFIRMATIVE DEFENSE**

Your verdict must be in favor of BNSF if BNSF has proven by clear and convincing evidence that it would have taken the same adverse action in the absence of plaintiff's claimed protected activity.

Clear and convincing evidence means it was highly probable or reasonably certain that BNSF would have taken the same adverse action in the absence of plaintiff's claimed protected activity.

If BNSF has met its burden of proof on this issue, then your verdict must be in favor of BNSF on plaintiff's claim under the FRSA, and you need not proceed further in considering his claim.


*Kuduk v. BNSF Railway Company,* 768 F.3d 786 (8th Cir. 2014); 49 U.S.C. § 42121(b)(2)(B)(ii).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 14**

**CORPORATE DEFENDANT**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, partnerships, unincorporated associations, and other organizations, stand equal before the law, and are to be dealt with as equals in a court of justice.

*Devitt, Blackmar & Wolff* § 71.04 (4th Ed. 1987).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 15**

**BUSINESS JUDGMENT**

You may not return a verdict for plaintiff under the FRSA just because you might

disagree with BNSF's decision or believe it to be harsh or unreasonable.


8TH CIR. CIVIL JURY INSTR. § 5.11 (2014); *Kuduk v. BNSF Railway Company,* 768
F.3d 786 (8th Cir. 2014).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 16**

**REASONABLENESS OF BNSF'S ACTIONS**

In deciding plaintiff's FRSA claim, you should not concern yourselves with whether BNSF's actions were wise, reasonable or fair. You do not sit as a super-personnel department that re-examines BNSF's disciplinary decisions, even if you believe the decisions made were based on erroneous information or evaluations. Rather, your concern is only whether plaintiff proved that BNSF intentionally retaliated against plaintiff for engaging in a protected activity.

*Kuduk v. BNSF Railway Company,* 768 F.3d 786 (8th Cir. 2014); *Foster et al. v. BNSF Railway Company,* Case No. 14-cv-00313 (S.D. Ia. Jan. 28, 2016).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 17**

**DAMAGES: ACTUAL**

If you find in favor of plaintiff under Instruction No. 9, and if you do not find in favor of BNSF in response to Instruction No. 13, then you must award plaintiff such sum as you find will fairly and justly compensate him for any damages you find he sustained as a direct result of suffering an adverse action. Plaintiff has the burden of proving his damages by the greater weight of the evidence.

……

You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.

You are also instructed that plaintiff has a duty under the law to "mitigate" his damages, that is, to exercise reasonable diligence under the circumstances to minimize his damages. Therefore, if you find that plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to him, you must reduce his damages by the amount he reasonably could have avoided if he sought out or took advantage of such an opportunity.

Remember, throughout your deliberations, you must not engage in any speculation, guess or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

49 U.S.C. § 20109(e); 8TH CIR. CIVIL JURY INSTR. § 5.70 (2014) (modified).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 18

## REASONABLE DAMAGES

Damages must be reasonable. If you should find that plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such injury and damages as you find from the greater weight of the evidence in the case that he has sustained. You are not permitted to award speculative damages. You are not to include in any verdict compensation for any prospective loss in the future.[1]

*Devitt, Blackmar & Wolff* § 85.14 (4th Ed. 1987).

---

[1] BNSF has filed a Motion in Limine to Exclude Evidence and Testimony of Front Pay and/or Future Wage and Benefit Losses as these are equitable remedies solely for consideration by the Court. (Doc. 91 through Doc. 91-3.)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 19**

**DAMAGES: PUNITIVE[2]**

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of plaintiff under Instruction No. 9, and if you do not find in favor of BNSF in response to Instruction No. 13, then you must decide whether BNSF acted with malice or reckless indifference to plaintiff's right not to be discriminated against for engaging in a protected activity. BNSF acted with malice or reckless indifference if:

Plaintiff has proved by the greater weight of the evidence that Timothy Knapp knew that dismissing plaintiff was in violation of the Federal Railroad Safety Act or acted with reckless disregard of that law.

However, you may not award punitive damages if you find BNSF made a good-faith effort to comply with the law.

If you find that BNSF acted with malice or reckless indifference to plaintiff's rights and did not make a good faith effort to comply with the law, then, in addition to any other damages to which you find plaintiff entitled, you may, but are not required to, award plaintiff an additional amount as punitive damages for the purposes of punishing BNSF for engaging in such misconduct and deterring BNSF from engaging in such misconduct in the future.

You should presume plaintiff has been made whole for his injuries by the damages awarded under Instruction No. 17.

---

[2] BNSF has moved to bifurcate the issues of liability and actual damages from the issue of punitive damages. (Docs. 82 and 82-1). This instruction should only be given if plaintiff has proven that BNSF acted with malice or reckless indifference to plaintiff's rights under the FRSA.

The amount of punitive damages should bear a reasonable relationship to the harm caused to plaintiff and cannot exceed $250,000.

You may not award punitive damages against BNSF for conduct in other states.

8TH CIR. CIVIL JURY INSTR. § 5.72 (2014) (modified).

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | | |
|---|---|---|
| **DANIEL MONOHON,** | ) | **Case No. 4:14-cv-00305** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **VERDICT INTERROGATORIES** |
| | ) | **AND VERDICT FORM** |
| **BNSF RAILWAY COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**Question No. 1:** Did plaintiff prove by the greater weight of the evidence all of the elements of his claim, as set forth in Instruction No. 9?

ANSWER: Yes or No _____.

If you answered no, then you must find in favor of BNSF below.  If you answered yes, please answer Question No. 2 below.

**Question No. 2**:  If you answered yes to Question No. 1 above, did BNSF prove by clear and convincing evidence that it would have taken the same adverse action in the absence of plaintiff's claimed protected activity, as set forth in Instruction No. 13?

ANSWER: Yes or No _____.

If you answered yes to both Question No. 1 and Question No. 2, then you must find in favor of BNSF below.

If you answered no to Question No. 2 and yes to Question No. 1, then you must find in favor of plaintiff below.

**Note:**  Complete this form by writing in the name required by your verdict

On plaintiff's claim under the Federal Railroad Safety Act against BNSF, we, the jury, find in favor of:

_____

(Plaintiff Daniel Monohon or Defendant BNSF Railway Company)

**Note:** Answer the next question only if the above finding is in favor of plaintiff.

**Question No. 3:** Did plaintiff prove by the greater weight of the evidence that he sustained actual damages?

ANSWER: Yes or No _____.

**Note:** Answer the next question only if you answered yes to Question No. 3.

We, the jury assess the total actual damages of plaintiff at $_____, as set forth in Instruction No. 17?


_____
Foreperson

Dated: _____

**Note:** Answer the next question only if the above finding is in favor of plaintiff.

**Question No. 4:**[3] Did plaintiff prove by the greater weight of the evidence that Timothy Knapp acted with malice or reckless indifference to plaintiff's rights under the Federal Railroad Safety Act?

ANSWER: Yes or No _____.

**Note:** Answer the next question only if you answered yes to Question No. 4.

We, the jury assess punitive damages against BNSF at $_____, as set forth in Instruction No. 19.


_____
Foreperson

Dated: _____

_____

[3] BNSF has moved to bifurcate the issues of liability and from punitive damages. (Docs. 82 and 82-1). This interrogatory should only be given if plaintiff has proven that BNSF is liable under the FRSA.