IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DANIEL MONOHON<br><br>  Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY<br><br>  Defendant. | No. 4:14-cv-305<br><br><br><br>**FINAL INSTRUCTIONS<br>TO THE JURY** |

**INSTRUCTION NO. 1**

**<u>INTRODUCTION/DUTIES</u>**

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you some additional instructions. You have to follow all of my instructions — the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of and during the trial.

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence.

Counsel will quite properly refer to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you of course are to be governed by the instructions.

You are not to judge the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors, and to arrive at a verdict by applying the same rules of law, as given in the instructions of the Court.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, and other organizations, stand equal before the law, and are to be dealt with as equals in a court of justice.

# INSTRUCTION NO. 2

## **CREDIBILITY**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way, how a witness acted while testifying, whether a witness said something different at another time, whether a witness's testimony sounded reasonable, and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

You have heard testimony from a person described as an expert. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion. Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

# INSTRUCTION NO. 3

## BURDEN OF PROOF

The plaintiff's claim must be proven by the greater weight of the evidence. A fact has been proven by the greater weight of the evidence if you find that it is more likely true than not true.

You probably have heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than both the "greater weight of the evidence" standard and the "clear and convincing evidence" standard. The "proof beyond a reasonable doubt" standard applies in criminal cases, but not in this civil case; so put it out of your mind.

**INSTRUCTION NO. 4**

**ELEMENTS OF THE CLAIM**

Your verdict must be for the plaintiff and against the defendant on the plaintiff's claim if all of the following elements have been proved by the greater weight of the evidence:

First, that in September, 2012, the plaintiff reported, in good faith, a hazardous safety condition;

Second, that the defendant knew the plaintiff made the report;

Third, that the defendant terminated the plaintiff's employment; and

Fourth, that the defendant terminated the plaintiff's employment in whole or in part because of the plaintiff's report.

The plaintiff reported a hazardous safety condition in good faith if, at the time he made the report, he genuinely believed he was reporting a hazardous safety condition.

I have referred to the requirement that the plaintiff prove that the "defendant" knew or did certain things. The reference to "defendant" does not mean anyone who works for the BNSF Railway Company. In this case, the defendant is responsible for the acts of an employee who made the decision to terminate the plaintiff's employment. It is also responsible for those whose input affected the decision. It is not responsible for those who contributed information that did not influence the decision.

The defendant terminated the plaintiff's employment "in whole or in part" because of the plaintiff's report if the report, alone or in connection with other factors, tended to affect in any way the decision to terminate the plaintiff's employment. Mere closeness in time between the report and the termination does not, by itself, establish that the defendant terminated the plaintiff's employment "in whole or in part" because of the plaintiff's report. You may, but are

not required to, find that the defendant terminated the plaintiff's employment in whole or in part because of the plaintiff's report if it has been proved that the defendant's stated reason for terminating the plaintiff's employment is a pretext to hide retaliation. The burden remains with the plaintiff to prove intentional retaliation by the defendant.

If any of the above elements has not been proved, or if the defendant is entitled to a verdict under Instruction Number 5, your verdict must be for the defendant and you need not proceed further in considering this claim.

You may not return a verdict for the plaintiff just because you might disagree with the defendant's decision or believe it to be harsh or unreasonable. We do not sit to decide whether the termination was a good idea or bad idea or as an appeal from that decision. This case is heard in federal court only because of the plaintiff's claim that his employment was terminated in retaliation for reporting, in good faith, a hazardous safety condition.

# INSTRUCTION NO. 5

## AFFIRMATIVE DEFENSE

Your verdict must be for the defendant if it has been proved by clear and convincing evidence that the defendant would have terminated the plaintiff's employment even if the plaintiff had not reported a hazardous safety condition.

The defendant's defense must be proven by clear and convincing evidence. Clear and convincing evidence means that the thing to be proved is highly probable or reasonably certain. Clear and convincing evidence requires a higher degree of persuasion than the greater weight of the evidence.

# INSTRUCTION NO. 6

## DAMAGES

If you find in favor of the plaintiff under Instruction Number 4, and if you do not find in favor of the defendant in response to Instruction Number 5, then you must award the plaintiff such sum as you find will fairly and justly compensate him for any of the following damages you find he sustained as a result of the defendant's terminating the plaintiff's employment:

(1) The reasonable value of lost past earnings and fringe benefits, from the date of the wrongful conduct to the date of trial, with interest; and

(2) The emotional harm to the plaintiff caused by the defendant's wrongful conduct, including emotional distress, pain and suffering, personal humiliation, and mental anguish.

You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.

You are also instructed that the plaintiff has a duty under the law to mitigate his damages—that is, to exercise reasonable due diligence under the circumstances to minimize his damages. Therefore, if you find that the defendant has proved by the greater weight of the evidence that the plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to him, you must reduce his damages by the amount he reasonably could have avoided if he had sought out or taken advantage of such an opportunity.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture, and you must not award damages under this instruction by way of punishment or through sympathy.

Damages must be reasonable. If you should find that plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such injury and damages as you find from the greater weight of the evidence in the case that he has sustained. You are not permitted to award speculative damages. You are not to include in any verdict compensation for any future loss.

# INSTRUCTION NO. 7

## **DELIBERATIONS**

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

First, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges — judges of the facts. Your only job is to study the evidence and decide what is true.

Third, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the court security officer and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone — including me — how many jurors are voting for any side.

Fourth, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

Finally, the verdict form is your written decision in this case. You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it, and tell the court security officer that you are ready to return to the courtroom.

DATED this 20th day of May, 2016.

_____
JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA